TATE, Judge.
By this suit a son sought to enjoin his mother from interfering with possession of lands orally leased to him. As a result of amended pleadings and a stipulation, the final judgment of the court set forth the terms of a lease agreement between the son and the mother.
*559 The mother appeals, contending the lease was abrogated by the son’s failure to permit her to make necessary repairs on the premises.
A principal issue in related appeals decided this date is whether the mother was justified (due to this alleged default of the son) in failing to furnish water for rice cultivation as required by this lease agreement. See Meaux v. Hoffpauir, La.App., 219 So.2d 551; Herbert v. Hoffpauir, La. App., 219 So.2d 557; and Favalora v. Hoff-pauir, La.App., 219 So.2d 558.
The facts surrounding this controversy are set forth more fully in the Meaux opinion. For the reasons there stated, we find no error in the trial court’s determination that the son had not breached the lease agreement. Since the evidence and stipulation of the parties establishes the lease agreement incorporated in the trial court judgment, said judgment is affirmed, at the cost of the defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.